IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**MICHAEL CURTIS,**

      **Plaintiff,**

v.                                          **Case No. 2:12-cv-07885**

**SERGEANT SHAWN RAMSEY, et al.,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge fof submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are two Motions for Preliminary and/or Permanent Injunctive Relief (ECF Nos. 14 and 17). As noted on the record during a June 3, 2014 status conference, and for the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motions for Preliminary and/or Permanent Injunctive Relief (ECF Nos. 14 and 17).

## RELEVANT PROCEDURAL HISTORY

The court conducted a status conference in this matter on June 3, 2014. The plaintiff, who is proceeding *pro se*, participated by video from the Mount Olive Correctional Complex ("MOCC"). At that time, service of process had not yet occurred. Thus, no defense representatives were present at the status conference.

During the status conference on June 3, 2014, the plaintiff agreed to voluntarily withdraw his Second Amended Complaint and dismiss Captain Russell Matheny, Warden David Ballard, and Commissioner Jim Rubenstein, who were named in the style of the Second Amended Complaint, but against whom no specific allegations were made therein. Thus, it was ordered that this matter shall proceed on the (First) Amended Complaint, which was filed on October 18, 2014. (ECF No. 13).

In addition to the allegations concerning the assaults on the plaintiff by Jeffrey Hilowitz[1] on August 22, 2012 and Sgt. Shawn Ramsey on August 22, 2013, the plaintiff's Amended Complaint alleges that the plaintiff has suffered acts of retaliation by other MOCC staff members/correctional officers, as a result of filing this lawsuit. However, the plaintiff's Amended Complaint failed to identify the other correctional officers who have allegedly engaged in the retaliatory acts as claimed in the Amended Complaint. On the record, the plaintiff identified the following individuals as the correctional officers or staff members who have allegedly engaged in the retaliatory acts alleged in the Amended Complaint (all full names not known at this time):

1. Officer Cavendish
2. Officer Richard Williams
3. Officer Jason Bragg
4. Officer Farley

Thus, on June 5, 2014, the plaintiff was granted leave to amend his Amended Complaint to add these individuals as defendants to conform with the record as discussed during the status conference. The plaintiff was not required to file a new

---

[1] Upon the plaintiff's request, defendant Jeffrey Hilowitz was also voluntarily dismissed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

proposed Amended Complaint. On June 17, 2014, summonses were issued for Sergeant Samuel Ramsey, Officer Cavendish, Officer Richard Williams, Officer Jason Bragg and Officer Farley and all of the summonses were served by certified mail, return receipt requested. According to the docket sheet, the defendants' Answers or other responses to the Amended Complaint were due on June 30, 2014. As of today's date, no answers have been filed.

On October 28, 2013, the plaintiff filed a "Request for a Preliminary Injunction and Permanent Injunction" (ECF No. 14). In that motion, the plaintiff alleges that, due to the filing of the instant case, he has been subjected to "constant threats from inmates and staff due to (transsexualism) confidential medical/psychological conditions told out loud in front of other inmates." (*Id.* at 1). The motion further alleges that "officers promoting inmates (janitor) to throw urine and feces in my cell and on me." (*Id.*) The plaintiff further alleges that, as a result of this conduct and his "nerves," he is throwing up food and losing weight. (*Id.* at 1-2). The plaintiff requests permanent placement in protective custody or to be transferred to a "mental health facility" for "safe-keeping." (*Id.*)

On January 17, 2014, the plaintiff filed a "Request for Emergency Protection Order," which is being treated as a second Motion for Preliminary Injunction (ECF No. 17). The second motion states:

> Due to lawsuit # 2:12-cv-07885 against MOCC staff for assault, discrimination, receiving severe retaliation from staff. Sprayed (no reason). Deprived of meals. Staff spitting in food trays. Staff perperating [sic; perpetrating?] inmates to threaten me, throw shit and piss on me, more staff assaults. Remarks so psychological humiliating. Forced to start fasting due to personal safety concerns today.

> Need immediate placement (court ordered) in safe keeping (no inmate contact = only supervised staff contact). Staff constantly revealing certain inmate's confindial [sic; confidential] inform [sic; information].
>
> Due to severe physical safety concerns. Physical bodily harm. Target now for inmates/staff's brutality.
>
> Medical services refuse to provide sealed (Ensure) protein drinks to not become malnutritioned.
>
> Need court order ASAP to safe keeping. Due to safety concerns.

(ECF No. 17 at 1-2).

## STANDARD OF REVIEW

Rule 65(a) of the Federal Rules of Civil Procedure provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The remainder of the rule addresses the procedure for a hearing on motions for a preliminary injunction and the scope of any such injunction. *Id.*

In 2009, the United States Court of Appeals for the Fourth Circuit revisited the applicable standard of review for preliminary injunctions in the case of *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[2], in light of the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed.2d 249 (2008). As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial.

---

[2] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. *See* 575 F.3d at 345-347.

4

> *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997)(per curiam). * * *
>
> In its recent opinion in *Winter*, the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374. And all four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id.* at 346-47. The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief. *Id.* at 347. Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in all federal courts. *Id.*

5

## ANALYSIS

The plaintiff's present requests for preliminary injunctive relief are speculative at best. First, the plaintiff has not identified any specific person or persons that have allegedly engaged in this "retaliatory" conduct.[3] Furthermore, the plaintiff has only asserted theoretical injury. A mere possibility of harm will not suffice to support the granting of a preliminary injunction. *Winter*, 555 U.S. at 21. Thus, the plaintiff has not clearly shown that he is likely to succeed on the merits of his claims, or that he is likely to be irreparably harmed without preliminary injunctive relief. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated a right to a preliminary or permanent injunction under the circumstances.

However, in light of the amendment of the plaintiff's Complaint, and the present lack of response thereto by the defendants, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motions for Preliminary Injunction and/or Permanent Injunctive Relief (ECF Nos. 14 and 17) without prejudice.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the

---

[3] The plaintiff's Motions for Preliminary and/or Permanent Injunctive Relief (ECF Nos. 14 and 17) were both filed prior to the plaintiff being granted leave to amend his Complaint to identify additional correctional officers who are allegedly engaging in retaliation against the plaintiff for the filing of this law suit. As noted above, at the status conference on June 3, 2014, the plaintiff identified Officer Cavendish, Officer Richard Williams, Officer Jason Bragg and Officer Farley as those officers. Nevertheless, given the current posture of the case, the plaintiff has not presently made a clear showing of a likelihood of irreparable harm by the named defendants, or that he is likely to succeed at a trial on the merits.

date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

July 30, 2014

Dwane L. Tinsley
United States Magistrate Judge